**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DOUGLAS OWENS, | : | Civil Action No. 12-3365 (RBK) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| ABIGAIL LOPEZ DE LASALLE, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    DOUGLAS OWENS, Plaintiff pro se
    #51716-056
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

Plaintiff Douglas Owens ("Plaintiff") filed a motion for reconsideration (Docket # 4) of this Court's January 8, 2013 Opinion and Order (Dkt. ## 2, 3), in which the Court dismissed Plaintiff's Complaint, with prejudice, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court directs the Clerk of the Court to re-open this case to allow for review of Plaintiff's motion. For the reasons set forth below, the Court concludes that Plaintiff's motion for reconsideration should be denied.

## I. BACKGROUND

Plaintiff filed a Complaint on June 5, 2012, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants, Abigail Lopez De LaSalle, M.D., Warden Donna Zickefoose, and John Does 1-100, violated his rights under the Eighth Amendment by denying him proper medical care for an injury Plaintiff sustained on June 15, 2010. This Court issued an Opinion and Order on January 8, 2013, dismissing the Complaint, in its entirety, for failure to state a cognizable claim of a constitutional deprivation. (Dkt. ##, 2, 3.)

In particular, this Court found that Plaintiff failed to demonstrate deliberate indifference necessary to support an Eighth Amendment denial of medical care claim. Namely, the Court noted that Plaintiff's medical records, provided with his Complaint, showed that Plaintiff had been extensively treated for his staph infection and fracture. This Court further stated:

> At best, Plaintiff disagrees with the treatment course set forth by the medical defendants, and alleges negligence. For instance, Plaintiff complains that his cast was put on his leg too tightly, and that the fracture initially was mis-diagnosed as a minor injury. He also complains that he was discharged from the hospital too early, but offers no evidence that the discharge was prompted by any named defendant with deliberate disregard for Plaintiff's health. As noted above, such claims of disagreement in treatment,

> or negligence, or medical malpractice, do not rise to the level of an Eighth Amendment violation. As the Third Circuit has noted "mere disagreements over medical judgment do not state Eighth Amendment claims" because there may be "several acceptable ways to treat an illness." *White* [*v. Napoleon*], 897 F.2d [103] at 110 [(3d Cir. 1990)]; *see also Hodge v. United States Dep't of Justice*, 372 F. App'x 264, 268 (3d Cir. 2010) ("disagreements ... among physicians, concerning the course of medical treatment ... do not support a claim for a violation of the Eighth Amendment."); *Ham v. Greer*, 269 F. App'x 149, 151 (3d Cir. 2008) ("Ham's primary dispute, in essence, is that he did not receive the kind or quality of treatment that he would have preferred. This simply does not rise to the level of a violation of a constitutionally protected right.").
>
> Plaintiff was given crutches, a wheelchair and medication to help with pain. He was seen regularly as prescribed for periodic examination and follow-up care, and did not request or report to Sick Call on any occasion for issues with pain. Medical staff and his Orthopedic Surgeon also reminded Plaintiff to keep weight off his right leg, which Plaintiff apparently chose to ignore at his detriment. Thus, while this Court sympathizes with Plaintiffs medical condition and alleged deformity, it is clear that the defendants were not deliberately indifferent to his medical needs to support an Eighth Amendment violation.

(Dkt. 2 at 14-15.)

On January 31, 2013, this Court received Plaintiff's motion for reconsideration of the January 8, 2013 Opinion and Order dismissing the Complaint. The Plaintiff argues that Dr. Lopez De Lasalle should not be dismissed from this lawsuit because, as Clinical Director, she was "directly responsible to ensure 'the care provided [to inmates in outside hospitals] relates to the diagnoses on admission and any complications that develop.'" (Dkt. # 4, Plaintiff's Motion at ¶ A.) He contends Dr. Lopez De

3

Lasalle authorized Plaintiff's premature discharge from the hospital before his treatment was concluded and before a supporting cast of his leg was applied. Thus, Plaintiff claims, had he not been discharged from the hospital before the supporting cast was applied, he would not have suffered a second, more severe fracture of his leg. (*Id*.)

Plaintiff also argues that the Complaint should not have been dismissed as against Warden Zickefoose because she rendered a medical opinion that she was not qualified to make, namely, that Plaintiff had "been properly treated for [his] fracture." (*Id*., at B.) Further, while Plaintiff acknowledges that he did not use his crutches all the time, as stated by Zickefoose, Plaintiff contends that he did not have crutches available to him that morning after he was returned to prison from the hospital when he suffered the second fracture. (*Id*., at B.4.) Finally, Plaintiff states that he was not placed in a short leg cast until five weeks after it had been recommended at the hospital, and that the cast was not removed for a long period of time after the initial five to eight week recommended period, which caused additional pain and unnecessary ulcerations. (*Id*. at B.4.)

II. DISCUSSION

Plaintiff asks the Court to reconsider dismissal of the Complaint.  Local Civil Rule 7.1(i)[1] permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Insurance*, 935 F. Supp. 513, 515 (D.N.J. 1996).  "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."  *Leja v. Schmidt Mfg., Inc.*, 743 F.Supp.2d 444, 456 (D.N.J. 2010) (citation omitted); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001) (citation omitted).

---

[1] While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered motions to amend or alter a judgment under Fed.R.Civ.P. 59(e) or a motion for relief from judgment under Fed.R.Civ.P. 60(b).  *Wisowaty v. Port Authority Trans-Hudson Corp.*, No. 11-2722 (JLL), 2013 WL 103385, *1 (D.N.J. Jan. 8, 2013) (citing *U.S. v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999)).  For the purposes of this analysis, Rule 7.1(i) is essentially the same as Fed.R.Civ.P. 59(e).  *See Allah v. Bartkowski*, No. 11-3153 (MAS), 2013 WL 3930121, *2 (D.N.J. Jul. 30, 2013); *Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

It is well settled that a motion for reconsideration is an extraordinary remedy and should be granted "very sparingly." *See Caver v. City of Trenton*, 420 F.3d 243, 258 (3d Cir. 2005); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp.2d 681, 683 (D.N.J. 2005); *Tehan v. Disab. Mgmt. Servs., Inc.*, 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation omitted). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazardis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Allah v. Ricci*, No. 08-1753 (JAP), 2012 WL 4341207, *1 (D.N.J. Sep. 21 2012).

The moving party seeking reconsideration may not "relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957

(11th Cir. 2009)); *Dunkley v. Mellon Investor Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010); *Bowers*, 130 F.Supp.2d at 613 (reconsideration is not a means to expand the record to include matters not originally before the court). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation omitted) (internal quotation marks omitted); *see also Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) ("A motion for reconsideration will [ ] fail if the moving party raises argument[s] ... that could have been raised ... before the original decision was reached.")

Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Clark v. Prudential Ins. Co. of America*, --- F. Supp.2d ----, 2013 WL 1694451, * 2 (D.N.J. Apr. 18, 2013) (quoting *Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998). With this framework in mind, the Court finds that reconsideration of its prior ruling is not warranted.

In reviewing Plaintiff's motion for reconsideration overall, the Court finds that Plaintiff has not demonstrated

that this Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Rather, Plaintiff simply reiterates the facts and law cited in his Complaint. Indeed, these very same allegations concerning Plaintiff's premature discharge from the hospital and the length of time for treatment were carefully detailed in the Court's January 8, 2013 Opinion. Consequently, Plaintiff fails to present any new facts or evidence in his motion that would prompt a different outcome.

He also fails to cite any legal issue that was overlooked by this Court, changes in controlling law, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Instead, Plaintiff simply disagrees with this Court's prior decision. Consequently, Plaintiff cannot satisfy the threshold for granting a motion for reconsideration here. His only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (Dkt. # 10) will be denied. An appropriate order follows.

                                                s/Robert B. Kugler _____
                                                ROBERT B. KUGLER
                                                United States District Judge

Dated: August 27, 2013